UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIEN MINH VO, | No. 2:16-cv-0529 KJM CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| E. ARNOLD, | |
| Respondent. | |

Petitioner, a California prisoner proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is serving a total sentence of 72 years and 4 months-to-life imprisonment imposed in 1996 in the Superior Court of Sacramento County for first degree murder and other crimes. Petitioner raises a single claim: that his sentence violates the Eighth Amendment because he was a juvenile when he was convicted. Respondent has filed a motion to dismiss arguing that petitioner's claim is time-barred.

Petitioner asserts his claim arises from the United States Supreme Court's June 25, 2012 decision in Miller v. Alabama, 132 S. Ct. 2455 (2012). Assuming that is in fact the case, the one year limitations period applicable to this action began running, at the latest, the next day. See 28 U.S.C. § 2244(d)(1)(C) (commencement of the one year limitation period applicable to habeas claims brought by state prisoners can be delayed until the date the Supreme Court recognizes the

/////

1

1 Constitutional right forming the basis of the claim).¹  The limitations period then ran out one year
2 later on June 25, 2013, well before petitioner commenced this action earlier this year.  Because
3 petitioner fails to point to any basis for tolling the limitations period between June 26, 2012 and
4 June 25, 2013, petitioner's petition for writ of habeas corpus must be dismissed as time-barred.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted;

2. Petitioner's petition for a writ of habeas corpus be dismissed as time-barred; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 10, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
vo0529.sol

---

¹ In Dodd v. U.S., 545 U.S. 353, 356-60 (2005), the Supreme Court made clear that to the extent the limitations period does not begin to run until a Constitutional right is recognized by the Supreme Court, it is the issuance of the decision which recognizes the right which triggers the running of the limitations period, not the date the Supreme Court finds the right retroactively applicable to cases on collateral review.

2